UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRISTINO HERNANDEZ-TRINIDAD,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 2:25-cv-02610-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Cristino Hernandez-Trinidad is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington on the charge that he is unlawfully present in the United States without admission or parole. Dkt. 1 ¶¶ 5–6. He entered the United States in 2008 and was apprehended by Immigration and Customs Enforcement ("ICE") officers on November 26, 2025. *Id.* ¶¶ 5, 19. To date, he has not had a custody redetermination hearing before an Immigration Judge, as the government has determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.* ¶ 19; Dkt. 5 at 2–3.

On December 18, 2025, Hernandez-Trinidad filed a petition for writ of habeas corpus, arguing that his mandatory detention violates the Immigration and Nationality Act ("INA")

because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 26–31. On January 2, 2026, Federal Respondents filed a return to the habeas petition. Dkt. 5. Hernandez-Trinidad filed a traverse two days later. Dkt. 6. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

--- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *6 (W.D. Wash. Sept. 30, 2025).

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

*Id.* at *27.

On November 25, 2025, in *Maldonado Bautista v. Santacruz*, the U.S. District Court for the Central District of California certified a Bond Eligible Class, comprised of the following individuals:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

--- F.R.D. ----, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). The court then granted declaratory relief to members of the Bond Eligible Class and vacated a Department of Homeland Security policy requiring ICE agents to treat every person who entered the United States without inspection as "seeking admission" under 8 U.S.C. § 1225(b)(2) and thereby subject to mandatory detention. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

In the habeas petition, Hernandez-Trinidad argues that he is entitled to relief as a member of the *Maldonado Bautista* Bond Eligible Class. Dkt. 1 ¶¶ 26–31. Federal Respondents express their disagreement with both *Maldonado Bautista* and *Rodriguez Vazquez*, but they do not oppose Hernandez-Trinidad being considered a member of the *Rodriguez Vazquez* Bond Denial Class for the purposes of this habeas case. Dkt. 5 at 2–4. However, they assert that Hernandez-Trinidad cannot claim membership in "both classes simultaneously." *Id.* at 4. In the traverse, Hernandez-Trinidad claims that he is also a member of the Bond Denial Class. Dkt. 6 at 2.

The Court agrees with the parties that Hernandez-Trinidad is a member of the *Rodriguez Vazquez* Bond Denial Class. And given the substantial similarity between the two class

definitions, any noncitizen detained at NWIPC who is eligible for membership in the *Maldonado Bautista* Bond Eligible Class will likely be a member of the *Rodriguez Vazquez* Bond Denial Class. Having so concluded, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Hernandez-Trinidad is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–27. Hernandez-Trinidad has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within fourteen days of receiving Petitioner Cristino Hernandez-Trinidad's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 5th day of January, 2026.

Tiffany M. Cartwright
United States District Judge